UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSUE JONATHAN POLANCO-GARCIA,<br>Petitioner,<br>v.<br>JEREMY CASEY, Warden, et al.,<br>Respondents. | Case No.: 3:26-cv-03662-RBM-AHG<br>**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**<br>**[Doc. 10]** |

Before the Court is Petitioner Josue Jonathan Polanco-Garcia's ("Petitioner") Amended Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2241 challenging the lawfulness of his detention by United States Immigration and Customs Enforcement. (Doc. 10.) For the reasons below, the Court **GRANTS** the Petition.

## I. BACKGROUND

Petitioner is a citizen of Honduras who fled his home country to seek asylum in the United States. (Doc. 10 at 2.) He entered the United States on December 7, 2023, was immediately arrested, and four days later was "released from immigration custody on conditional parole." (*Id.*; Doc. 11 at 1.) While on parole, Petitioner attended all required immigration check-ins, and had an immigration hearing set for November 27, 2027. (Doc. 10 at 2.) On January 26, 2026, Petitioner was arrested in Florida while he was riding

his bicycle. (*Id.* at 3.) Petitioner was transferred from the county jail into ICE custody, and then transferred to Imperial Regional Detention Facility, where he remains today. (*Id.*) On June 11, 2026, an immigration judge ordered Petitioner removed. (*Id.*) Petitioner appealed that order of removal to the Board of Immigration Appeals, and that appeal is pending. (*Id.*)

On June 22, 2026, Petitioner, then proceeding *pro se*, filed his original petition. (Doc. 1.) The Court appointed Federal Defenders of San Diego, Inc. as counsel and set a briefing schedule. (Doc. 4.) Petitioner, now represented, filed his Petition on July 14, 2026. (Doc. 10.) Respondents filed their Response to Petition on July 21, 2026. (Doc. 11.) Petitioner filed his Traverse later that same day. (Doc. 12.)

## II. LEGAL STANDARD

A writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art. I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). "Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a). The petitioner bears the burden of demonstrating that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." *Id.* § 2241(c)(3).

## III. DISCUSSION

Petitioner argues that his detention violates the Administrative Procedure Act and the Fifth Amendment's Due Process Clause. (Doc. 10 at 3–7.) Respondents argue that Petitioner is subject to mandatory detention under § 1225(b), but "acknowledge[ ] that this Court's prior decisions will control the result here . . . , as the facts are not materially distinguishable . . . , and on that basis [do] not oppose the petition and defer[ ] to the Court on the appropriate relief." (Doc. 11 at 1–2.)

The Court has granted petitions filed by similarly-situated petitioners. *See, e.g.*,

*Silvestre-Mendoza v. Noem*, Case No.: 3:25-cv-03206-RBM-DDL, 2025 WL 3512410, at *1–2 (S.D. Cal. Dec. 8, 2025). In that decision, the Court found that "'a proper understanding of the relevant statutes, in light of their plain text, overall structure, and . . . case law interpreting them, compels the conclusion that § 1225's provisions for mandatory detention of noncitizens seeking admission [do] not apply to someone like [the petitioner],' who has been residing in the United States" for several years. *Id.* at *1 (quoting *Lopez Benitez v. Francis*, 795 F. Supp. 3d 475, 484 (S.D.N.Y. 2025)). The Court incorporates its reasoning in *Silvestre-Mendoza*, and makes the same findings, here.

There is no dispute that Petitioner was detained after having resided in the United States for several years after being released from immigration custody on conditional parole. (Doc. 10 at 2–3.) Therefore, the discretionary detention procedures of § 1226 govern Petitioner's detention, and the Petition must be granted. The Court also finds that immediate release, rather than a bond hearing, is the appropriate remedy. *See E.A. T.-B. v. Wamsley*, 795 F. Supp. 3d 1316, 1324 (W.D. Wash. 2025) ("Although the Government notes that Petitioner may request a bond hearing while detained, such a post-deprivation hearing cannot serve as an adequate procedural safeguard because it is after the fact and cannot prevent an erroneous deprivation of liberty."); *Jorge M.F. v. Jennings*, 534 F. Supp. 3d 1050, 1055 (N.D. Cal. 2021) ("if Petitioner is detained, he will already have suffered the injury he is now seeking to avoid"); *Domingo v. Kaiser*, Case No. 25-cv-05893 (RFL), 2025 WL 1940179, at *3 (N.D. Cal. July 14, 2025) ("Even if Petitioner[] received a prompt post-detention bond hearing under 8 U.S.C. § 1226(a) and was released at that point, he will have already suffered the harm that is the subject of his motion; that is, his potentially erroneous detention.").

## IV. CONCLUSION

For the foregoing reasons, the Petition is **GRANTED**. Accordingly:

1. Respondents are **ORDERED** to immediately release Petitioner from custody, subject to the conditions of his preexisting parole.
2. The Court **ORDERS**, prior to any re-detention of Petitioner, that Petitioner shall

receive a hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a) to determine whether detention is warranted.

**IT IS SO ORDERED.**

DATE: July 21, 2026

HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE